KENNARD, J., Concurring and Dissenting.
Defendant was charged with sexually molesting and murdering a 12-year-old girl. At trial, the prosecution presented evidence of defendant’s two previous sexual assaults. The court instructed the jury that if it found that defendant had committed such offenses, it could infer that defendant “ ‘was likely to commit and did commit the crime of which he’s accused.’ ” (Maj. opn., ante, at p. 71.) The majority upholds this instruction.
The majority concludes there is no reasonable likelihood that this instruction misled the jury: The trial court repeatedly reminded the jury that the prosecution had the burden of proving guilt beyond a reasonable doubt and that the jury had to resolve any reasonable doubt in favor of defendant; in addition, the prosecutor did not argue that the jury could convict defendant of the murder based solely on the prior sexual offenses. (Maj. opn., ante, at p. 76.) I agree that, in light of the other instructions, the prior sexual offense instruction at issue did not prejudice defendant. I disagree with the majority, however, that the instruction was proper.
In People v. Reliford (2003) 29 Cal.4th 1007, 1009, 1012 [130 Cal.Rptr.2d 254, 62 P.3d 601], a majority of this court upheld a prior sexual offense instruction telling the jury that if it found by a preponderance of the evidence that the defendant had committed such a prior offense, that finding would be insufficient by itself to prove beyond a reasonable doubt that the defendant was guilty of the sexual offense charged. The majority there held that the instruction would not have misled the jury as to the limited purpose for which the prior sexual crime evidence could be considered. (Id. at p. 1013.) I *80 disagreed. In my view, the instruction was potentially misleading, because it implied that the jury could rely on the prior sexual offense as the sole basis for convicting the defendant of the sexual crime charged in that case, so long as the jury found the prior sexual offense allegations to be true under a standard of proof higher than a preponderance of the evidence. (Id. at pp. 1017-1018 (cone. & dis. opn. of Kennard, J.).) The instructional flaw is more serious in this case.
Here, the instruction told the jury that based on the existence of such prior offenses it could infer defendant’s guilt of the sexual molestation charge in this case. The instruction as worded would permit a conviction of the crimes charged solely because of past sexual offenses. But a conviction of a crime must be based on evidence of that crime, not on prior offenses alone. (People v. Falsetta (1999) 21 Cal.4th 903, 923 [89 Cal.Rptr.2d 847, 986 P.2d 182].) Unlike the majority, therefore, I would not uphold the validity of the instruction given here.
Appellant’s petition for a rehearing was denied August 31, 2011.